UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MONTAZ LEWIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:13-CV-880 JM |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

# OPINION and ORDER

Montaz Lewis, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 4.) In ISP #13-04-0307, a hearing officer found Lewis guilty of attempted trafficking. (DE # 11-5.) The charge was initiated on April 22, 2013, when Internal Affairs Officer J. Sikorski wrote a conduct report stating as follows:

> On March 28, 2013 a package was intercepted by the mailroom because it was discovered to have a white powdery substance concealed within the package; the package was originally intended to go to offender Lewis 172328. The white powdery substance tested positive for Codeine (a narcotic pain killer).

(DE # 11-1.) On the same date, Officer Sikorski also completed a report of investigation providing more detail about the incident:

> On March 28, 2013 I received a phone call from the mailroom; at which she stated that she discovered a powdery white substance inside an envelope sent through the mail to an offender. After retrieving the piece of mail from the mail I conducted a preliminary field narcotics test on the white powdery white [sic] substance and came back with a positive for codeine. Ms. Abram contacted the shift supervisor at this time and asked that offender Lewis 172328 be placed on IDU pending investigation. On April 4, 2013 I interviewed Lewis; and during the interview he denied having knowledge

that the package was supposed to be coming into him. At this time it is substantiated that a package was intercepted by the mail room that was originally intended for offender Lewis 172328. In the package there was a white powdery substance that field tested positive for codeine.

For Further Details See IA CONFIDENTIAL file 13-ISP-0051-IA

(DE # 11-2.)

On April 26, 2013, Lewis was formally notified of the charge. (DE # 11-3.) He pled not guilty, declined the assistance of a lay advocate, did not request any witness statements, and as physical evidence requested "photos of the package and the white powdery substance" as well as a "copy or photo of test results." (DE # 11-3.) After a postponement, a hearing was held on May 3, 2013. (DE # 11-5.) Lewis made the following statement: "The person who sent these drugs to me a few weeks earlier sent me photos, when I received them I immediately sent them back because I didn't recognize who the sender was. I never asked anyone to send me drugs. I have no idea who the person is that sent this package to me. I never had possession of this." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) As a result he lost 90 days of earned-time credits, among other sanctions. (*Id.*) His administrative appeals were denied. (DE # 11-6; DE # 11-7.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Lewis first claims that he was denied evidence because the photos and test results were not produced as he requested. (DE # 4 at 2.) A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, the record reflects that the hearing officer considered the evidence that Lewis requested. (*See* DE # 11-5.) Lewis's real complaint appears to be that he was not allowed to see the evidence himself because it was part of the confidential internal affairs file. He may have envisioned the hearing proceeding like a criminal trial, but

3

"[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to produce physical evidence to support the charge, follow the formal rules of evidence, or permit him to confront the adverse evidence and witnesses. *Piggie*, 342 F.3d at 666 (inmate had no right to cross-examination at disciplinary hearing); *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000) (formal rules of evidence do not apply at prison disciplinary proceeding).

Furthermore, unlike in a criminal trial, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that the confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). This court has reviewed the confidential file and, without revealing its contents, concludes that it contains reliable evidence of Lewis's guilt. To the extent Lewis believes the contents of the file had any exculpatory value, the hearing officer considered this evidence in reaching her decision, which is all that Lewis was entitled to under *Wolff*. *See White*, 266 F.3d at 768 (prisoner's rights were not violated when evidence he claimed was exculpatory was considered by the disciplinary board,

4

even though he was not permitted to view this evidence himself for security reasons). Accordingly, this claim is denied.[1]

In his remaining claim, Lewis challenges the sufficiency of the evidence. (DE # 4 at 2.) In reviewing a disciplinary proceeding for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the record contains two staff reports and an internal affairs file detailing how drugs were found hidden in a package addressed to Lewis. Nevertheless, in Lewis's view, he could not be found guilty because there was no direct evidence that he directed someone to send him the package. However, a hearing officer is permitted to

---

[1] The court notes that in his traverse, Lewis appears to claim that he also wanted to present evidence showing that a few weeks prior to this incident he sent back a piece of mail because he did not know the sender. (DE # 19 at 4.) A traverse is not the place to be asserting new claims for the first time. *See* RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Regardless, Lewis did not request this evidence at screening (*see* DE # 11-3), and he cannot establish a due process violation based on the hearing officer's failure to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).

rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Although Lewis denied knowing anything about the package, the hearing officer was not required to credit his statement. Instead it was her job to weigh the relative credibility of the witnesses and evidence. For purposes of this court's review, the evidence does not have to point to only one possible conclusion; the question is solely whether there is some evidence to support the hearing officer's decision. *See Hill*, 472 U.S. at 457. Based on the record, the court cannot say that the hearing officer's decision was arbitrary or without evidentiary support. *Id.* ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). Accordingly, Lewis has not demonstrated an entitlement to habeas relief.

    For these reasons, the petition (DE # 4) is **DENIED**.

                                                     **SO ORDERED.**

Date: July 25, 2014

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT